Argued September 11, affirmed December 14, 1972

WASSMUTH, *Appellant, v.* MAULDING ET AL, *Respondents.*

504 P2d 93

*R. Ryan Lawrence,* Portland, argued the cause for appellant. On the brief were Susak & Lawrence and Peterson, Chaivoe & Peterson.

*George M. Joseph,* of Bemis, Breathouwer & Jo-

seph, Portland, argued the cause and filed a brief for respondents.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Tongue and Bryson, Justices.

McALLISTER, J.

This is an automobile personal injury action in which the jury found for defendants and plaintiff appeals. We affirm.

Plaintiff alleges that the trial court erred in withdrawing from consideration of the jury three of the eight specifications of negligence in her amended complaint, in failing to give two requested instructions, and in giving an instruction on the sudden emergency doctrine.

The only material dispute in the evidence is why defendants' car was on the wrong side of the center line at the point of impact. St. Helen's road runs north and south with two marked lanes on each side of a double center line. Plaintiff was riding in the rear seat of a car being driven north on the lane nearest the center line. Defendant Bridge was driving south in the inside lane passing a truck also traveling south in the outside lane. Bridge testified that as he approached Saltzman Road, which enters St. Helen's road from the west, the truck turned over into his lane of traffic, collided with his car, and forced him across the center line into the path of the car in which plaintiff was riding. The cars collided in the northbound lane of St. Helen's road next to the center line. An investigating officer testified that the point of impact was 14 feet north of the north curb line of Saltzman road.

We have carefully reviewed the pertinent testi-

·mony and find no merit in any of the assignments of error. The case was submitted to the jury on plaintiff's allegations of speed, lookout, control, driving on the wrong side of the road, and in failing to give a proper signal to the driver of the truck defendant was passing. The allegations of negligence withdrawn and the requested instructions not given were not applicable under the facts of this case. If defendant's testimony was true, he was suddenly faced with an emergency when the truck turned into his lane and forced him onto the wrong side of the center line. The court did not err in giving a sudden emergency instruction, Uniform Jury Instruction # 10.10.

Finding no error the judgment is affirmed.

TONGUE, J., concurs in the result.